ANDREW A. MOHER. SBN: 257605
**LAW OFFICES OF ANDREW A. MOHER**
10505 Sorrento Valley Rd, Suite 430
San Diego, CA 92121
Telephone: 619-269-6204
Facsimile: 619-923-3303
Attorney for Debtor iNDx Lifecare, Inc.

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In Re: | Case No. 16-52307 |
| iNDx Lifecare, Inc. | CHAPTER 11 |
| | **MOTION BY DEBTOR-IN-POSSESSION FOR DISMISSAL OF CHAPTER 11 CASE** |
| | Date: December 16, 2016<br>Time: 10:00 a.m.<br>Place: United States Bankruptcy Court, 450 Golden Gate Ave, 16th Floor, San Francisco, CA 94102<br>Judge: Hon. Dennis Montali |

COMES NOW, iNDx Lifecare, Inc. ("Debtor"), Debtor and Debtor-in-Possession herein, and hereby moves this Court for an order dismissing the above referenced case pursuant to Bankruptcy Code sections 1112(b) and 105(a), and in support of its motion respectfully represents:

## I.   STATEMENT OF FACTS

1.   The within case was commenced by the filing of a voluntary petition on August 11, 2016 ("The Petition Date"). No trustee has been appointed, and the Debtor is in possession of its estate.

Case 16-52307    Doc# 59    Filed 11/17/16    Entered 11/17/16 15:23:02    Page 1 of 3

2. The Debtor filed this case on an emergency basis with a foreclosure sale scheduled the following day that threatened to foreclose on certain patents and related intellectual property rights belonging to Debtor. (the "IP Rights")

3. Debtor is a developer of diagnostic devices. At the time of filing of this case, Debtor was essentially nonoperational due to a series of events and conflicts between Debtor and some of its former officers, directors, and secured creditors. Debtor's case was filed with the goal of raising funds to maintain its rights to the intellectual property, reorganize its secured debt, and resume operations towards development and marketing of its diagnostic devices.

4. At the time of filing, Debtor's only material asset was its title to the IP Rights. The IP Rights were secured by liens of creditors PLC Diagnostics, Inc. ("PLC"), NMS Labs ("NMS"), and Eurosemillas, S.A. ("Eurosemillas").

5. PLC and NMS (collectively "Movants") filed for relief from the automatic stay on August 24, 2016. Debtor and Movants stipulated to relief from stay and the Court approved the stipulation on October 19, 2016. (see doc #58)

6. On November 4, 2016, Movants foreclosed on the IP Rights. (see Declaration of Piyush Gupta, p.3)

7. Debtor, without title to the IP Rights or any functioning business, has no ability to reorganize and no assets with which to pay creditors or administrative costs in a Chapter 7 liquidation.

## II. LEGAL ARGUMENT

Bankruptcy Code section 1112 provides, in relevant part:

"[O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate."

In the case at bar, stay relief has been granted as to Debtor's only asset of value, the IP Rights, which have been foreclosed on. Debtor can no longer effectuate a Chapter 11 Plan with no operations, no money, and no assets. Therefore, cause exists to dismiss or convert this case. Once cause has been established, pursuant to 11 USC sec. 1112(b), a "choice must be made between conversion and dismissal based on the best interests of creditors and the estate." See, e.g., In re Nelson, 343 B.R. 671, 674 (B.A.P 9th Cir. 2006) (internal citations omitted).

The estate holds no remaining assets that would benefit creditors in a liquidation, nor support the administrative costs of a liquidation. Once the primary asset of the estate has been foreclosed upon, and no ability to reorganize or liquidate for the benefit of creditors remains, Debtor submits that dismissal is in the best interest of creditors and the estate. See, e.g., In re Pensignorkay, Inc., 204 B.R. 676, 680 (Bankruptcy E.D. Pa 1997) ("Since this is a single asset real estate case, once the stay is lifted … the Debtor will essentially be left without means to formulate a Chapter 11 plan . . . [T]hese circumstances provide sufficient cause for dismissal.")

## II. CONCLUSION

WHEREFORE, Debtor and Debtor-in-Possession iNDx Lifecare, Inc. requests that the Court enter an order dismissing this Chapter 11 case, and for any such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED          LAW OFFICES OF ANDREW A. MOHER

Dated: November 16, 2016          By: /s/ Andrew A. Moher
                                  Andrew A. Moher, Attorney for Debtor