ANDREW A. MOHER. SBN: 257605
**LAW OFFICES OF ANDREW A. MOHER**
10505 Sorrento Valley Rd, Suite 430
San Diego, CA 92121
Telephone: 619-269-6204
Facsimile: 619-923-3303
Attorney for Debtor iNDx Lifecare, Inc.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>iNDx Lifecare, Inc. | Case No. 16-52307<br><br>CHAPTER 11<br><br>**AMENDED MOTION BY DEBTOR-IN-POSSESSION FOR DISMISSAL OF CHAPTER 11 CASE**<br><br>Date: December 16, 2016<br>Time: 10:00 a.m.<br>Place: United States Bankruptcy Court, 450 Golden Gate Ave, 16th Floor, San Francisco, CA 94102<br>Judge: Hon. Dennis Montali |

COMES NOW, iNDx Lifecare, Inc. ("Debtor"), Debtor and Debtor-in-Possession herein, and hereby moves this Court for an order dismissing the above referenced case pursuant to Bankruptcy Code sections 1112(b) and 105(a), and in support of its motion respectfully represents:

## I. STATEMENT OF FACTS

1. The instant case was commenced by the filing of a voluntary petition on August 11, 2016 ("The Petition Date"). No trustee has been appointed, and the Debtor is in possession of its estate.

2. Debtor filed this case on an emergency basis with a foreclosure sale scheduled the following day that threatened to foreclose on certain intellectual property rights belonging to Debtor. (the "IP Rights")

3. Debtor was a developer of diagnostic devices. At the time of filing of this case, Debtor was essentially nonoperational due to a series of events and conflicts between Debtor and former officers and creditors of Debtor. Debtor's case was filed with the goal of raising funds to maintain its rights to the intellectual property, reorganize its secured debt, and resume operations towards development and marketing of its diagnostic devices.

4. At the time of filing, Debtor's only substantial assets were its title to the IP Rights and potential interest in equipment. The IP Rights were secured by the liens of creditors PLC Diagnostics, Inc. ("PLC"), NMS Labs ("NMS"), and Eurosemillas, S.A. ("Eurosemillas").

5. PLC and NMS (collectively "Movants") filed for relief from the automatic stay on August 24, 2016. Debtor and Movants stipulated to relief from stay and the Court approved the stipulation on October 19, 2016. (see doc #58)

6. On November 4, 2016, Movants foreclosed on the IP Rights. A dispute apparently exists as to the propriety of the foreclosure between Movants and secured party Eurosemillas. (see Amended Declaration of Piyush Gupta)

7. Without any functioning business, Debtor has no ability to reorganize and no tangible assets in its possession with which to pay creditors or administrative costs in a Chapter 7 liquidation.

8. Debtor filed a Motion to Dismiss this Case on November 17, 2016. ("The Prior Motion") This Amended Motion to Dismiss Case is being filed to clarify the record regarding the status of Debtor's estate.

## I. MATERIAL CHANGES FROM PRIOR MOTION

Although Debtor has no substantial tangible assets in its possession, Debtor and its principals want to ensure that the record accurately reflects all potential assets of the estate. First, Debtor has $590.26 in its Debtor-in-Possession bank account with Wells Fargo Bank (acct #******2863). Second, Debtor arguably has title to equipment that it believes is being currently held by NMS, PLC, or its subsidiaries including medical diagnostics lab equipment, custom developed diagnostic readers, hardware tools, biochemicals and lab supplies, lab notebooks, and office equipment. ("The NMS Equipment") Debtor believes the fair market resale value of the equipment to be approximately $150,000, but believes a dispute may exist as to title and/or possessory right to the equipment. Debtor submits that the value to its estate is likely negligible after factoring in the cost of re-acquiring and selling the specialized equipment. Third, Debtor is aware that NMS and PLC conducted a foreclosure sale ("The Foreclosure") against the IP Rights on November 4, 2016. Eurosemillas, as stated above, disputes the propriety of The Foreclosure. Regardless of the outcome of the dispute, the IP Rights are clearly over-encumbered by the secured liens of PLC, NMS, and Eurosemillas, and would yield no benefit to Debtor's estate.

## II. LEGAL ARGUMENT

Bankruptcy Code section 1112 provides, in relevant part:

"[O]n request of a party in interest, and after notice and a hearing, the court <u>shall</u> convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate."

Stay relief has been granted in this case as to Debtor's only asset of value, the IP Rights, which PLC and NMS have stated they have foreclosed upon. Debtor can no longer effectuate a Chapter 11 Plan with no operations and no remaining tangible assets that would benefit creditors

in a liquidation, nor support the administrative costs of a liquidation. Debtor's sole potential assets are a bank account with less than $1,000, a potential interest in the IP Rights that are over-encumbered and could not be sold for the benefit of unsecured creditors, and a potential interest in equipment that is not in Debtor's possession and Debtor submits would not justify the costs of liquidation.

Therefore, cause exists to dismiss or convert this case. Once cause has been established, pursuant to 11 USC sec. 1112(b), a "choice must be made between conversion and dismissal based on the best interests of creditors and the estate." See, e.g., In re Nelson, 343 B.R. 671, 674 (B.A.P 9th Cir. 2006) (internal citations omitted).

Moreover, conversion to Chapter 7 would perpetuate the infighting among Debtor's current and former officers and directors, as the majority of Debtor's unsecured debt is held by Mohan Uttarwar ("Uttarwar"), a principal of Debtor in its current state and an individual who has fought hard to raise financing and allow Debtor to move forward in its Chapter 11 Plan, and Reuven Duer ("Duer"), a principal of PLC and an individual who worked to foreclose on Debtor's IP Rights and obtain the IP Rights for PLC and NMS's ultimate benefit. Uttarwar's claim is estimated at $520,000, and Duer's claim is estimated at $205,000. Furthermore, Eric Rieders, a current principal of foreclosing party NMS, has a claim in the amount of $44,337.81. Debtor submits that it is not in the best interests of the estate to convert this case to Chapter 7, which would likely spawn protracted disputes over the various claims of former principals of Debtor (which comprise the majority of Debtor's claims), and would not justify the extensive costs of administration of the estate under such circumstances.

Once the primary asset of the estate has been foreclosed upon, and no ability to reorganize or liquidate for the benefit of creditors remains, Debtor submits that dismissal is in the best interest of creditors and the estate. See, e.g., In re Pensignorkay, Inc., 204 B.R. 676, 680 (Bankruptcy E.D. Pa 1997) ("Since this is a single asset real estate case, once the stay is lifted …

the Debtor will essentially be left without means to formulate a Chapter 11 plan . . . [T]hese circumstances provide sufficient cause for dismissal.")

## II. <u>CONCLUSION</u>

WHEREFORE, Debtor and Debtor-in-Possession iNDx Lifecare, Inc. requests that the Court enter an order dismissing this Chapter 11 case, and for any such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED    LAW OFFICES OF ANDREW A. MOHER

Dated: November 23, 2016    By: /s/ Andrew A. Moher
    Andrew A. Moher, Attorney for Debtor